UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| THE CHARTER OAK FIRE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:06CV1800 HEA |
| EDWARD HOLTHAUS, et al., | ) ) | |
| Defendants. | ) ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Summary Judgment, [Doc. No. 18]. Not one of the Defendants has responded to the Motion. For the reasons set forth below, the Motion is granted.

## Facts and Background

Plaintiff filed this declaratory judgment action pursuant to Rule 57 of the Federal Rules of Civil Procedure on December 19, 2006. Plaintiff seeks a declaration of the rights of the parties under a policy of insurance issued by Plaintiff. Plaintiff seeks judgment finding and declaring that it has no duty to defend or indemnify any defendant for a certain lawsuit brought by Defendants, Jeanne and Monty Moore, against Edward Holthaus and Ed Holthaus Realty, Inc., and that the policy exclusions preclude any coverage for the accident alleged in the lawsuit

brought by the Moores.

Plaintiff's uncontroverted material facts are as follows:

Plaintiff issued a policy of insurance, Policy NO. I-680-802R5320-COF-05 to

Defendant Ed Holthaus Realty, Inc., with a policy period from January 1, 2005

through January 1, 2006.  Edward Holthaus is the President of Ed Holthaus Realty,

Inc.

The policy's Commercial General Liability Coverage Form contains the

following coverage provision:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE**

**LIABILITY**

**1. Insuring Agreement**

**a.**     We will pay those sums that the insured becomes legally
obligated to pay as damages because of "bodily injury" or "property
damage" to which this insurance applies. We will have the right
and duty to defend the insured against any "suit" seeking those
damages. However, we will have no duty to defend the insured
against any "suit" seeking damages for "bodily injury" or
"property damage" to which this insurance does not apply. We
may at our discretion, investigate any "occurrence" and settle any
claim or "suit" that may result.

The Policy's Commercial General Liability Coverage Form contains the

following exclusion:

## 2. Exclusions

This insurance does not apply to:

***

### g. Aircraft, Auto Or Watercraft

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading".
This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by the insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.

This exclusion does not apply to:

(1) A watercraft while ashore on premises you own or rent'

(2) A watercraft you do not own that is:

      (a) Less than 26 feet long; and
      (b) Not being used to carry persons or property for a charge;

(3) Parking an "auto" on, or on the ways next to, premises you own or rent, provided the "auto" is not owned by or rented or loaned to you or the insured;

(4) Liability assumed under any "insured contract" for the ownership, maintenance or use of aircraft or watercraft; or

(5) "Bodily injury" or "property damage" arising out of the

operation of any of the equipment listed in Paragraph f.(2) or f.(3) of the definition of "mobile equipment".

The Policy's Commercial General Liability coverage provision defines "insured" as follows:

## SECTION II – WHO IS AN INSURED

1. If you are designated in the Declarations as: …

d. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

The Policy's Commercial General Liability coverage provision defines "auto" and "bodily injury" as follows:

## SECTION V – DEFINITIONS

**\*\*\***

2. "Auto" means a land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment. But "auto" does not include "mobile equipment."

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

On August 15, 2006, Defendants Jeanne and Monty Moore filed a lawsuit against Ford Motor Company and Defendants Edward Holthaus and Ed Holthaus

Realty, Inc. alleging Edward Holthaus was negligent in his operation of the Ford

Expedition he was driving and caused injuries to Jeanne Moore in an automobile

accident occurring on November 1, 2005.

The Moore Petition alleges at the time of the accident Edward Holthaus was

operating the Expedition in the course and scope of his agency and/or employment

with Ed Holthaus Realty, Inc.  The Ford Expedition that Edward was allegedly

driving at the time was owned by Ed Holthaus Realty, Inc., and leased to Edward

Holthaus.

On August 24, 2006, Edward Holthaus and Ed Holthaus Realty, Inc.

Requested Plaintiff provide a defense for and liability coverage for the claims made

in the Moore Petition.

The Commercial General Liability coverage part contains a "Hired Auto

and Nonowned Auto Liability" endorsement, which states as follows in relevant

part:

**A. COVERAGE**

If a premium is shown in the SCHEDULE above, the insurance
provided under Section I – Coverage A – Bodily Injury And Property
Damage Liability applies to "bodily injury" and "property damage"
arising out of the maintenance or use of a "hired auto" or "nonowned
auto".  Maintenance or use of a "nonowned auto" includes test driving
in connection with an "auto business".

The endorsement defines an "insured" as follows:

## C. WHO IS AN INSURED

**Section II – Who Is An Insured** is replaced by the following:

Each of the following is an insured under the insurance to the extent set forth below:

1. You;

2. Anyone else including any partner or "executive officer" of yours while using with your permission a "hired auto" or a "nonowned auto" except:

a. The owner or lessee (of whom you are a sublessee) of a "hired auto" or the lessee of a "nonowned auto" or any agent or "employee" of any such owner or lessee:

\*\*\*

c. Your "employee" if the covered "auto" is leased, hired or rented by him or her or a member of his or her household under a lease or rental agreement for a period of 180 days or more;

d. Any partner or "executive officer" with respect to any "auto" owned by such partner or officer or a member of his or her household;

e. Any partner or "executive officer" with respect to any "auto" leased or rented to such partner or officer or a member of his or her household under a lease or rental agreement for a period of 180 days of more;

The endorsement contains the following definitions:

# E. ADDITIONAL DEFINITIONS

**Section V – Definitions** is amended by the addition of the following

definitions:

***

2. "Hired auto" means any "auto" you lease, hire, rent or borrow.

This does not include:

a. Any "auto" you lease, hire or rent under a lease or rental
agreement for a period of 180 days or more; or

b. Any "auto" you lease, hire rent or borrow from any of your
"employees", partners, stockholders, or members of their
households.

3. "Nonowned auto" means any "autos" you do not own, lease, hire,
rent or borrow that are being used in the course and scope of your
business at the time of an "occurrence". This includes "autos"
owned by your "employees" or partners or members of their
households but only while being used in the course and scope of
your business at the time of an "occurrence".

If you are a sole proprietor, "nonowned auto" means any "autos"
you do not own, lease, hire, rent or borrow that are being used in
the course and scope of your business or personal affairs at the
time of an "occurrence".

The Ford Expedition does not qualify as a "hired auto" or "nonowned

auto" as defined by the Policy as it is owned by Ed Holthaus Realty, Inc., the

Policy's named insured, and leased to Edward Holthaus, its President, for a period

in excess of 180 days.

## Summary Judgment Standard

The standards for summary judgment are well settled.  In determining
whether summary judgment should issue, the Court must view the facts and
inferences from the facts in the light most favorable to the nonmoving party.
*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986);
*Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir. 2005); *Littrell v.
City of Kansas City, Mo.,* 459 F.3d 918, 921 (8th Cir. 2006).  The moving party has
the burden to establish both the absence of a genuine issue of material fact and that
it is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c);  *Anderson v.
Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S.
317, 322 (1986); *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996).
Once the moving party has met this burden, the nonmoving party may not rest on the
allegations in his pleadings but by affidavit or other evidence must set forth specific
facts showing that a genuine issue of material fact exists.  Fed.R.Civ.P. 56(e);
*Anderson* 477 U.S. at 256;  *Littrell ,* 459 F.3d at 921.  "The party opposing
summary judgment may not rest on the allegations in its pleadings; it must 'set forth
specific facts showing that there is a genuine issue for trial.'"  *United of Omaha Life
Ins. Co. v. Honea,* 458 F.3d 788, 791 (8th Cir.2006) (quoting Fed.R.Civ.P. 56(e));

"'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.' *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)." *Hitt v. Harsco Corp.,* 356 F.3d 920, 923 (8th Cir. 2004). An issue of fact is genuine when "a reasonable jury could return a verdict for the nonmoving party" on the question. *Anderson,* 477 U.S. at 248; *Woods,* 409 F.3d at 990. To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.' *Wilson v. Int'l Bus. Machs. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)(quotation omitted)." *Putman v. Unity Health System*, 348 F.3d 732, 733-34 (8th Cir. 2003). A plaintiff may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor. *Wilson v. Int'l Bus. Mach. Corp.,* 62 F.3d 237, 241 (8th Cir.1995). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. 242 at 252; *Davidson & Associates v. Jung* 422 F.3d 630, 638 (8th Cir. 2005). Viewing the evidence in the light most favorable to the nonmoving party and giving the nonmoving party the benefit of all reasonable inferences, there are no genuine

issues of material fact and the moving party is entitled to judgment as a matter of law. *Samuels v. Kansas City Mo. Sch. Dist.,* 437 F.3d 797, 801 (8th Cir.2006). "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment."

## Discussion

In interpreting the policy at issue, the Court must adhere to certain rules. "Rules governing the interpretation of insurance policies are well settled." *Shahan v. Shahan,* 988 S.W.2d 529, 535 (Mo. 1999) (en banc). In interpreting an insurance contract, courts "read the contract as a whole and determine the intent of the parties, giving effect to that intent by enforcing the contract as written." *Mo. Employers Mut. Ins. Co. v. Nichols*, 149 S.W.3d 617, 625 (Mo.App. 2004). See also, *Kearney v. Kinder*, 972 S.W.2d 575, 578 (Mo.App. 1998). Language used in an insurance contract is given its plain and ordinary meaning. *Id.; Farmland Indus. Inc. v. Republic Ins. Co.,* 941 S.W.2d 505, 508 (Mo. 1997). (en banc). Plain or ordinary meaning is the meaning that the average layperson would understand, as determined by consulting standard English language dictionaries. *Shahan,* 988 S.W.2d at 535. Where insurance contracts are written in plain and unambiguous terms, the court must enforce the policy according to those terms, *Rice v. Fire Ins. Exch.,* 946

S.W.2d 40, 42 (Mo.App. 1997), and rules of construction are inapplicable. *Mansion*

*Hills Condo. Ass'n v. Am. Family Mut. Ins. Co.,* 62 S.W.3d 633, 637 (Mo.App.

2001). The Court may not distort unambiguous policy language to create an

ambiguity. *Am. Motorists Ins. Co. v. Moore,* 970 S.W.2d 876, 878 (Mo.App. 1998)

(citing *Krombach v. Mayflower Ins. Co.,* 827 S.W.2d 208, 210 (Mo. 1992) (en

banc)). Nor may a court "use its inventive powers to ... rewrite a policy to provide

coverage for which the parties never contracted, absent a statute or public policy

requiring coverage." *Lang v. Nationwide Mut. Fire Ins. Co.,* 970 S.W.2d 828, 830

(Mo.App. 1998) (citing *Rodriguez v. Gen. Accident Ins. Co.,* 808 S.W.2d 379, 382

(Mo. 1991) (en banc)). The determination of whether an insurance contract is

ambiguous is a question of law. *Kearney*, 972 S.W.2d at 578. Any ambiguity in an

insurance contract is construed against the insurer. *Killpack v. Farm Bureau Town*

*and Country Ins. Co.*, 861 S.W.2d 608, 609 (Mo.App. 1993).

The Policy at issue clearly precludes coverage for all claims alleged in the

Moore Petition. Exclusion "g" precludes coverage for claims for "bodily injury" or

"property damage" arising out of the ownership, maintenance, use, or entrustment of

an auto owned or operated by or rented or loaned to any insured. It is undisputed,

that the Ford Expedition was both owned and operated by an insured under the

policy, Edward Holthaus, President of Ed Holthaus Realty, Inc., when the alleged

accident occurred.  Under Section II of the policy, executive officers acting within the scope of their duties are insureds.  Because the Policy excludes from coverage bodily injury arising out of an insured's operation of an owned auto, the Policy clearly and unambiguously excludes from coverage the alleged bodily injury alleged in the Moore Petition.

## Conclusion

Under the terms and conditions of the policy at issue, Plaintiff neither owes a duty to defend nor does Plaintiff  have an obligation to indemnify Defendants Edward Holthaus and Ed Holthaus Realty, Inc. in the Moore lawsuit.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment, [Doc. No. 18], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff neither owes a duty to defend nor does Plaintiff  have an obligation to indemnify Defendants Edward Holthaus and Ed Holthaus Realty, Inc. in the lawsuit brought by Defendants Jeanne and Monty Moore against Edward Holthaus and Ed Holthaus Realty, Inc.

**IT IS FURTHER ORDERED** that the policy exclusions of the policy at issue herein preclude any coverage for the accident alleged in the lawsuit brought by the Moores.

A separate judgment in accordance with this Opinion, Memorandum and

Order is entered this same date.

Dated this 22nd day of February, 2008.


_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE